We'll turn to the second case on the calendar, 20-1988. I.O.B. Realty, Inc. v. Patsy's Brand. Mr. Block? Thank you, Your Honor. May it please the Court, Brian Block on behalf of Appellant Patsy's Brand, Inc. Unfortunately, Patsy's Brand once again is compelled to seek this Court's assistance. This Court provided clear instructions on remand in the first appeal of this case, and the District Court refused to obey them. Instead, it provided a caustic response to the Court's when it was without any legal support whatsoever, and then it entered a judgment identical to that which this Court previously vacated, which awards relief to plaintiff I.O.B. Realty that is equally without any legal basis. But I submit that the Court does not need to long-defeat itself with the District Court's conduct here. This Court reviewed the District Court's disposition de novo and has plenary authority. The District Court repeatedly found that I.O.B. failed to carry its burden of proof to show a likelihood of confusion, which is dispositive of I.O.B.'s Lanham Act and common law false association claims. That finding entitles Patsy's Brand to summary judgment dismissing I.O.B.'s claims unequivocally. But you really don't need to take my word for it, Your Honors. I.O.B. conceded several times on this appeal that Patsy's Brand is entitled to summary judgment based on the District Court's finding of no likelihood of confusion. On page 11 of its brief, I.O.B. states, quote, although the District Court did not expressly state whether it was granting or denying the motions for summary judgment, its finding was clear. There was no likelihood of confusion between the parties, Mark. This fact is undisputed by the that the District Court's finding of no likelihood of confusion properly disposes of both motions for summary judgment that seek a determination on infringement. In other words, Your Honors, I.O.B. is begging this Court to affirm the District Court's finding that it failed to prove an essential element of its false association claims. We agree. With that dispositive finding, the Court should reverse the judgment and enter summary judgment for Patsy's Brand. Rule 56 mandates result and nothing less. Patsy's Brand is also entitled to summary judgment on the other grounds that I.O.B. failed to even respond to, not the least of which is that the record shows unequivocally that our client and its licensee have done what this Court asked it to do, use Patsy's Italian restaurant on all its signs, menus, and advertising. The fact that Patsy's Brand was sued for doing exactly what this Court asked it to do is almost as astonishing as the fact that the District Court awarded I.O.B. relief for filing the lawsuit. And that leads me to my next point. There's really only one question left in this case, and that is by virtue of losing its case, can I.O.B. be awarded relief under Section 37 of the Lanham Act in the form of directing the USPTO to grant the Patsy's Pizzeria registration? The answer is clearly no. And for that reason, the District Court abused its discretion awarding that relief to I.O.B. This Court asked the District Court to identify any legal grounds for awarding this relief. The District Court cited no authority and simply pointed the Court back to Section 37. Excuse me, your first three minutes have expired. Let me counsel. This is Judge Wesley. Let me ask you a question. Before the Patent and Trademark Office, did you take the trademark because there would be confusion with Patsy's of New York? Your Honor, before the USPTO are only two, excuse me, two ex parte proceedings to which Patsy Fran is not a party, the PTO's position that there is likely to be confusion based on its own examiner's analysis. So the answer is that you did not, correct? Correct. All right. Okay. So I'm trying to understand the Pizzeria situation. So the Pizzeria is confronted with a denial of its trademark at the Patent and Trademark Office because of confusion. And so then it sued you for false association and it loses because of both of you, both sides at various times have conceded that there's no confusion between Patsy's of New York and Patsy's Pizzeria, right? Yes, your Honor. How are you injured? Let me ask you a question. Then how are you injured if by the District Court's granting or I realize that you say it didn't have the authority and we'll get to that in a second. But how are you with regard to confusion since you, the holder of Patsy's brand have said you aren't, there is no confusion in your defense against the false association. You've said there isn't, so you haven't done anything wrong and there's no injury to Patsy's Pizzeria. How are you injured by Patsy's Pizzeria having their mark registered? Your Honor, I think that's a two part answer. First, we are injured by the disposition of this claim because we did not get summary judgment granted to us and that we are entitled to a judgment that dismisses those infringement claims. In terms of the section 30- Let's presume that you get, because we have the authority actually to determine the summary judgment matter ourselves if we wanted to, but so presume that you get the false association claim dismissed. That's what Judge Stan did, didn't he? No, your Honor. Unfortunately, he did not and that's why we're here. We're here because he did not refuse to grant summary judgment even when given a second opportunity to do so. But we, along with everybody else in the world, honestly, have the opportunity before the USPTO, if and when it ever reaches it, when their mark is published for opposition to oppose it. So- Why would you oppose, how could you take that position once you've taken a position in a court of law that there is no confusion between your mark and Patsy's pizzeria? How could you do that? You can't take inconsistent litigation positions. You'll be a stop, won't you? Your Honor, no, we wouldn't be a stop and I'm not representing we would necessarily oppose registration. Well, I'm representing to you that there's a thing called litigation estoppel and you'll have a problem with it. Yes, your Honor. So tell me then, in light of your position, how is it that you're injured by Judge Stanton doing what he did? I mean, in essence, the false association raised the legitimacy in some ways of the denial of the mark, didn't it? Well, the standards are different between the USPTO likely in a confusion on a district court infringement suit likely that's confusion- Well, how is it different? Is there a different confusion with regard to the granting of a mark as opposed to a false association claim based on a common law trademark? Yes, your Honor. It's a little bit up in the air, but there is and there is a conceptual difference between- Oh. Likely confusion. And the PTO, that's in the PTO's, the Baltimore PTO's court with regard to that confusion determination, because of course they're not looking at the evidence that would have been presented in an infringement suit. Does this strike you as odd that one gets denied a trademark and then sues on false association and loses because there's no confusion? Doesn't it seem a bit inconsistent to you? Your Honor, I'm not sure I understand your question. Well, they're both premised on confusion. And in one context, the relief is denied because of confusion. In the other context, then the person who loses the mark, the right to false association, and you win there. You're not complaining about Judge Sands' conclusion that there is no confusion, are you? We're not complaining at all about his determination because- In fact, you're asking for judgment. Yes, your Honor, because- Oh. I would be held to carry his burden and there's a party with the burden of proof, your Honor, to prove a likelihood of confusion. Well, you previously stipulated to the fact that there was no confusion, had you not? In fact, that's what you brought to the court's attention. We stipulated to the fact that no evidence was brought forward of a likelihood of confusion, the sole burden of which is on IOB realty as a plaintiff in an infringement case. That's what we stipulated to. It was not our burden to bring forward evidence of likelihood of confusion. Excuse me, your eight minutes have expired. Okay. Thank you, your Honor. Thank you. Good afternoon, your Honor. May I please support today a board for appellees? Your Honor, this case embodies what a full resolution looks like. The district court did not cancel defendant's registration of his mark and plaintiff's mark is now allowed to be registered. The outcome of this case accurately reflects the finding of no likelihood of confusion. As between any other litigants, this case will not be before this court. However, here we are because although defendant received everything that it asked for, it now stands before this court in order to frustrate plaintiff's ability to register its mark. Defendant has not articulated any meaningful basis for its stance. Indeed, as noted in this court's recent questioning, its stance is completely undercut by the fact that defendant moved for summary judgment on the basis of no likelihood of confusion. The district court did not abuse its discretion here. Based on the no likelihood of confusion, the district court fashioned an appropriate remedy for the parties by determining that plaintiff's mark should be registered. How is section 37 complied with here? I've got the language of section 37 in front of me and I don't see any warrant in there for a district judge just sui sponte to order patent office to register a he can determine the right to registration, he can order the cancellation of registrations, he can restore canceled registrations, and he can rectify the register. But there's no question of a register being rectified. This is an outright ordering of the patent office on its own just to grant a patent, I mean a trademark. And how can I do this? So I'll direct your honor to two cases. Number one is Clark and Freeman Corporation v. Heartland, and that's from the Southern District of New York. In that case, the court denied plaintiff's applications for injunctions and also dismissed the complaint in the counterclaims. However, because the court determined that the defendants and plaintiffs could continue their respective businesses without a substantial likelihood of confusion, defendants were permitted to proceed with this application for registration notwithstanding plaintiff's registration. And that's what that's different in this case. That just said that, as you've described it, that the parties were permitted to go ahead and apply. There was no application. The court just ordered the patent office on its own to issue the issue the trademark. Well, there is an application there's two applications pending in this. That's fine. That's different from what the judge did, isn't it? Go ahead. I was going to point the court to another case, Massa v. Jiffy Products. There was not an application in that instance in the court-ordered registration, and that's from the Ninth Circuit. So, in both those instances, the courts ordered registration. And it comes from, if you read the statute, it states that the court can determine the right to registration. And that's what both Massa and Clark and Freeman Corporation discussed. So, that's where the court authority comes from. Right. But that often usually comes up in the context of a litigation in which one side is saying you have no right to registration, the other side is saying you do, and the patent office says you don't, and then you can appeal or can determine the question. That's not what this case is all about. This is a different case. Well, Your Honor, in that- Go ahead. In Clark and Freeman, they worked before the TTAB in that instance. That was not an appeal from a TTAB decision in that case. The court, just based upon the finding that there was a likelihood of confusion, determined that that plaintiff in that case could proceed to registration notwithstanding plaintiff's registration. And that's what's occurring here. Defendant's registration forms the basis of the refusal to register plaintiff's marks. So, in doing so, by the court ordering registration, it simply conformed the register to the judgment. That is the intent of Section 1119. And there's no question, based upon the case law, that the court shares concurrent jurisdiction with the PTO office to determine issues of registrability. And I should also note, Your Honor, back in 2015, the special master strongly advised the defendant to either abandon the Patsy's of New York mark, since it was using Patsy's Italian restaurant mark, or enter into a concurrent use agreement with plaintiff so that plaintiff could register its mark. Special master also noted that plaintiff's refusal to do so, excuse me, and defendant sits in a similar posture now. Its basis for appealing this order is simply punitive, because as the questioning pointed out earlier, they are not aggrieved at all by the district court's decision. There was a finding of no likelihood of confusion, and based upon that finding, the court conformed the register to the judgment by ordering registration. What's the status of your proceeding in front of the Patent and Trademark Office? Have you, I mean, I realize that you've got the benefit of this judgment, and you want to try and defend this judgment, but there, I mean, as Judge Walker's pointing out to you, there's some serious questions as to whether there's a jurisdictional hook here, but did you take an appeal from the determination by the Patent and Trademark Office? Well, those appeals are suspended, based upon this action. Yeah, I mean, currently, my understanding is, doesn't it seem like a circuitous route to sue on the common law claim for false association to somehow validate the, or ultimately determine the legitimacy of whether you should be entitled to file the mark? Well, Your Honor, plaintiff was entitled to bring this action to district court. No, I'm not quibbling with the false association claim, but doesn't it seem circuitous to you when you had the direct appeal from the determination of the Patent and Trademark Office? No, Your Honor, I respectfully disagree, because yes, that was more than a route that plaintiff could have taken. Have there been prior stipulations as to the fact that there was no confusion in prior litigation? And was that how you got your mark restored, or the order restored in the Eastern District litigation previously? Well, this is the first time there were stipulated facts regarding these two marks. I'm having a little trouble hearing you, I apologize. Go ahead, say that again. This is the first time there were stipulated facts regarding these two marks. So, defendant uses multiple marks. One is Patsy's Italian Restaurant, now there's some confusion as to whether they use Patsy's of Italian Restaurant, along with Patsy's of Italian Restaurant of New York. So, this action does involve Patsy's of New York and Patsy's Pizzeria. So, there were stipulated facts in this action between those two marks. Okay, all right. I want to go back to Rule 37. It seems to me that in those cases where the district court has found that a registration would be appropriate, that they then have told the patent office, go ahead and follow the application process in its normal way. And that allows the trademark and patent office to hear objections and to do whatever it's going to do in the ordinary process of deciding whether or not the trademark should issue. And that makes sense. But just to sort of do it on your own, the district court is effectively ordering a patent or ordering a trademark. And without, you know, on its own. It may seem to amount to the same thing to some people, but there is a process in the PTO for obtaining registration. And that process would be bypassed under these circumstances. Well, Your Honor, as we noted in our brief, if the court is not inclined to simply affirm that part of the judgment, it can certainly amend or modify in, you know, similar to the Massa case and also the Clark and Freeman cases state that plaintiff's application should proceed notwithstanding defendant's registration. Yeah. Understood. Okay. Okay. Your 10 minutes have expired. Thank you. Thank you very much. Mr. Block, you've got two minutes, rebuttal. Thank you, Your Honor. I just like to point out the jurisdictional bar to what's being asked to be affirmed on Section 37. And that's under the Nike, the already case out of the circuit, which said that once an infringement or false association claim falls away, whether it's dismissed or for some other reason, there's no longer subject matter jurisdiction for a district court or any court for that matter to order any Section 37 relief. It's no longer jurisdictionally affordable once that happens. So that's just straight up, excuse me, straight up subject matter jurisdiction bar. I heard my colleague mentioned the Heartland case, which was brought up and not in their briefing earlier, but I took a look at Heartland and it's from the Southern District in 1993. And I believe it was you, Judge Walker, who pointed out the process that Congress has laid out for the PTO to follow. And that's actually what Heartland did. Ultimately, Heartland, I believe, is bad law under Nike. It came about two decades earlier and under Nike, it wouldn't have had any Section 37 power once it dismissed the infringement claim. The fee that is in May, once it did what it did, it ordered the PTO, excuse me, ordered the defendant to proceed before the PTO, quote, subject to publication for opposition and all other procedures, except that the plaintiff's registration was not going to be cited as a basis for refusal. So it did not order registration of the mark. It simply ordered, please go back to the U.S. PTO and follow the route that you were supposed to. NASA was similar. The 9th Circuit case is about 65 years old and that didn't mention Section 37 much. But what it did mention was that the district court ordered that upon a proper application, quote, unquote, the trademark could be registered. So, of course, the court meant, and this is what Fortex is all about out of the PTO's office, that all registrations have to go through the process orchestrated by Congress. To do what the district court did here would be to completely obliterate the Lanham Act statutory registration scheme. I just point out also, Your Honors, the questions of how we were agreed, these were raised on the first appeal from a base of inidentical judgment. This court dismissed the motion to dismiss the appeal and found we were agreed in the cases about, the cases that support our right, notwithstanding any other principles, electrical fittings, e-commerce and vets, and the Supreme Court that allows a party that effectively wins an infringement suit to nonetheless take an appeal to nix a decree about the validity or what have you about a registration that was not at issue. So, I think the case law in this circuit is crystal clear. Rule 54C, on which IOB relies exclusively, does not provide any basis because it is not, quote, entitled to any judgment or any relief because of Nike. So, with that, Your Honors, if you have any more questions, I'm happy to answer. Otherwise, I'd ask that the court vacate the judgment, reverse and enter summary judgment using its plenary power, and in this case, once and for all, so that this can be over. Thank you. Thank you. Thank you very much. Rule reserve decision in 20-1988,